IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>v.<br><br>ANDREW SCOTT HASTINGS,<br><br>      Defendant. | Case No. 25-CR-442-JFH |

**OPINION AND ORDER**

Before the Court is an Unopposed Motion to Declare Case a Complex Matter ("Motion") filed by the United States of America ("Government"). Dkt. No. 30. The Motion states that Defendant Andrew Scott Hastings ("Defendant") does not object to the Government's requested designation and continuance. *Id.* at 1. For the reasons set forth below, the Motion is GRANTED.

Defendant Andrew Scott Hastings ("Defendant") is charged with attempting to provide material support to a foreign terrorist organization in violation of 18 U.S.C. 2339B(a)(1) and illegal possession and transfer of machineguns in violation of 18 U.S.C. §§ 922(o) and 924(a)(2). Dkt. No. 24. It is alleged that, from on or about March 26, 2025, to on or about September 23, 2025, Defendant knowingly attempted to provide firearm parts and machinegun conversion devices to the foreign terrorist organization al-Qa'ida. *Id.* at 1. It is further alleged that, from on or about July 16, 2025, to on or about September 23, 2025, Defendant knowingly possessed and transferred machinegun conversion devices of the type commonly referred to as Glock switches. *Id.* at 2. The Government and Defendant represent that the evidence in this matter is voluminous and that the vast majority must be declassified by the FBI before being produced to Defendant. Dkt. No. 31 at 2. Given the atypically voluminous amount of discovery in this matter and the complexity of

producing, reviewing, and investigating said discovery, the Government asserts that this case should be declared a complex matter. Dkt. No. 30 at 8.

For the reasons set forth in the Government's Motion, including those noted herein, and pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), the Court finds that this is a complex case and that it is unreasonable to expect adequate preparation for pretrial proceedings and trial within the limits established by 18 U.S.C. § 3161. Further, the Court finds that the ends of justice served by granting the requested continuance outweigh the interests of Defendant and the public in a speedy trial. Hence, pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), the ends of justice dictate that the period of delay shall be excludable in computing the time from which the Indictment was filed and the time within which the trial of this action must commence.

IT IS THEREFORE ORDERED that the Government's Unopposed Motion to Declare Case a Complex Matter [Dkt. No. 30] is GRANTED. The jury trial set for January 12, 2026, at 8:45 a.m. is stricken, and the following amended scheduling order is hereby entered:

| | | |
|---|---|---|
| Joint status report regarding production of discovery filed: | 6/4/2026 | |
| Notices filed: | 6/4/2026 | |
|   Including all notices required by FRCrP and FRE, including Rule 16, 404(b), 412, 413, 414 or 609. | | |
| Motions to dismiss for insufficient indictment filed: | 6/4/2026 | |
| Motions and Objections to Notices filed: | 6/18/2026 | |
|   Absent good cause, motions in limine shall be filed by this date. | | |
|   Motions for bill of particulars shall be filed pursuant to FRCrP 7(f). | | |
| Pretrial conference: | 7/2/2026 | at 9:30 am |
| Voir dire, jury instructions, stipulations, & trial briefs filed: | 7/10/2026 | |
| Witness and exhibit lists exchanged between counsel and emailed to courtroom deputy (do not file): | 7/16/2026 | by 4:00 pm |
| Three hard-copy exhibit binders delivered to Court: | 7/16/2026 | by 4:00 pm |
| Jury trial: | 7/20/2026 | at 8:45 am |

Due to the Court's multi-district caseload, this schedule is relatively inflexible.

Pursuant to LCrR 47-2, any response shall be filed within seven days of any motion's filing. Replies are not permitted without leave of Court. If leave is granted, replies shall be limited to five pages.

Only one omnibus motion in limine per party and one motion to suppress per defendant is permitted without leave of Court.

The Court shall summarily deny without prejudice any motion that does not comply with LCrR 47-4, which requires a motion state on the first page whether or not it is opposed and, if opposed, state whether concurrence was refused or explain why concurrence could not be obtained.

The parties should meet and confer in good faith to discuss any stipulations that would streamline the issues at trial. Any stipulations agreed to should be submitted by the date listed.

If the parties anticipate a lengthy pretrial/motion hearing, they are directed to promptly contact the Courtroom Deputy and the hearing will be reset.

If the parties anticipate a plea of guilty, they are directed to promptly contact the Courtroom Deputy and a change of plea hearing (separate from the pretrial docket call) will be set. The parties must provide a petition to enter plea of guilty and any plea agreement (if applicable) to the Court and file any superseding information (if applicable) at least three business days prior to the change of plea hearing.

The parties are encouraged to review the Court's CHAMBERS RULES.

    IT IS FURTHER ORDERED that the time from January 12, 2026, inclusive, to July 20, 2026, inclusive, is excludable pursuant to 18 U.S.C. § 3161(h)(7).

    Dated this 26th day of November 2025.

                                               JOHN F. HEIL, III
                                               UNITED STATES DISTRICT JUDGE